Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about March 6, 2012, which, insofar as appealed from, granted defendant JPMorgan Chase Bank’s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff argues that UCC 3-405 (1) (c), the “fictitious payee” *572 or “padded payroll” rule (see Prudential-Bache Sec. v Citibank, 73 NY2d 263, 271 [1989]), is inapplicable to this case because Chase’s negligence was not in the payment of checks written on certain disputed accounts but in allowing the accounts to be opened in the first place. However, UCC 3-405 (1) (c) “is not limited to forged indorsements; it plainly covers situations . . . where an employee starts the wheels of normal business procedure in motion to produce a check for a non-authorized transaction” (Prudential-Bache, 73 NY2d at 271 [internal quotation marks omitted]). Plaintiffs disloyal management agent employed normal business procedure to produce checks for transactions that were not authorized, and it is the production of those checks — not the mere opening of the disputed accounts — that resulted in plaintiffs losses. Plaintiff, as the record demonstrates, “was in a position to prevent the massive losses in issue here, by supervising its [management agent] . . . and examining records relating to a fraud that had been in progress” since the agent opened the first disputed account in the fall of 2007 (see Prudential-Bache, 73 NY2d at 271). Thus, the losses should fall to plaintiff, not Chase.
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Andrias, J.P, Friedman, DeGrasse, Román and Gische, JJ.